IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN V. MASARIK,<br><br>*Plaintiff,*<br><br>v.<br><br>**WIND RIVER ENVIRONMENTAL, LLC,**<br><br>*Defendant.* | **Case No. 2:25-cv-01694-JDW** |

## MEMORANDUM

Litigation requires parties to make statements that sometimes disparage their adversaries. To preserve the adversarial system, courts, including Pennsylvania courts, immunize statements made in litigation from claims of defamation. And that protection extends to the range of quasi-judicial proceedings that the administrative state has begotten. In this case, Stephen Masarik seeks to assert libel claims based on statements that Wind River Environmental, LLC, made in proceedings before OSHA. But Wind River's statements fall within the scope of the absolute privilege for litigation statements, so Mr. Masarik cannot proceed. I will therefore dismiss Mr. Masarik's claims. Because he cannot allege facts that would alter that fact, I will do so with prejudice.

**I.    BACKGROUND**

Mr. Masarik worked for Wind River as a wastewater treatment plant operator. In March 2023, he emailed Wind River's HR department, voicing concerns about vehicle

safety and alleging that management retaliated against him for raising these concerns. In April 2023, Wind River conducted a compliance audit of Mr. Masarik's work and noted six violations of Pennsylvania Department of Environmental Protection guidelines over the preceding five months. Following the audit, Wind River removed Mr. Masarik from his plant operator role and issued a "Final Written Warning," which it communicated to him via letter and in a meeting on April 27, 2023.

On June 8, 2023, Mr. Masarik filed a complaint with OSHA under Section 11(c) of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), which protects whistleblowing employees against retaliatory actions from their employer. On March 1, 2024, Wind River's counsel sent a Position Statement to the OSHA investigator handling Mr. Masarik's case, in which it outlined Mr. Masarik's history of alleged poor performance and provided supporting documentation, including the results of the compliance audit and the Final Written Warning that it sent to Mr. Masarik. Wind River supplemented the Position Statement in November 2024 with written statements from multiple employees that detailed Mr. Masarik's alleged DEP violations.

Mr. Masarik filed this case on February 26, 2025, in the Philadelphia Court Of Common Pleas. He asserts seven counts of libel based on statements that Wind River and its employees made in statements to OSHA. Wind River removed the case to this Court on April 1, 2025, and it moved to dismiss on May 8, 2025. That motion is ripe.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "[r]ules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786–87 (same). First, the court must identify the elements needed to set forth a particular claim. *See id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted). Because Mr. Masarik proceeds *pro se,* I must construe his pleading liberally, and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III.   DISCUSSION

Pennsylvania has adopted the Restatement (Second) of Torts approach to absolute privilege, which immunizes allegedly defamatory matter shared in communications preliminary to, as part of, or in the institution of a proposed judicial proceeding. *See Pawlowski v. Smorto,* 588 A.2d 36, 42 (Pa. Super. Ct. 1991). The privilege in such circumstances is absolute and cannot be destroyed by abuse. *See Forbes v. King Shooters Supply, Inc.,* 230 A.3d 1181, 1188 (Pa. Super. Ct. 2020) (citation omitted). "[T]he privilege exists because there is a realm of communication essential to the exploration of legal claims that would be hindered were there not the protection afforded by the privilege." *Post v. Mendel*, 510 Pa. 213, 221 (1986). Whether a statement deserves absolute privilege is a question of law for the court. *Pawlowski*, 588 A.2d at 41.

Pennsylvania courts extend the privilege to "quasi-judicial proceedings" and administrative processes where the same need for transparent communication between parties arises. *See Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758, 766 (Pa. Super. Ct. 2009). These proceedings often emerge from statute or administrative regulation and "involve[] a grievance proceeding before a government entity or an ostensibly private entity operating pursuant to a state or federal statute." *Overall v. Univ. of Penn.,* 412 F.3d 492, 497 (3d Cir. 2005). Courts apply the privilege to communications like testimony given to an administrative commission, an answer to an administrative complaint, and statements made to law enforcement for the purpose of inducing criminal

4

charges, among others. *See Giusto v. Ashland Chemical Co.*, 994 F. Supp. 587, 593 (E.D. Pa. 1998); *Doe,* 987 A.2d at 767; *Pawlowski,* 588 A.2d at 42. Applying privilege in such cases prevents the chilling effect that a defamation claim could have on parties' willingness to share pertinent evidence in an administrative proceeding.

An OSHA investigation into alleged discrimination resembles these proceedings for purposes of privilege. If the OSHA investigator determines that an employer violated § 660(c), "he shall bring an action in any appropriate United States district court against such person." 29 U.S.C. § 660(c)(2). That is, the statute directs OSHA to assess a respondent's civil liability using the evidence parties submit and then to prosecute viable claims in federal court. The OSHA proceeding contemplates and prepares for potential legal proceedings as the statutory remedy for a viable complaint, and Pennsylvania courts apply the privilege in this context. *See, e.g., Hurst v. Jiffy Lube,* No. CIV. A. 00-CV-133, 2000 WL 1790112 at * 5 (E.D. Pa. Dec. 6, 2000). If Mr. Masarik's OSHA complaint goes his way, the parties will fight out the grievance in federal. An administrative investigation to reach that step requires parties to share information with transparency and for OSHA to assess that information in a quasi-judicial manner. Absolute privilege therefore applies to statements material and relevant to the investigation. Other district courts have reached the same conclusion in this context. *See, e.g., Arya v. Ensil Tech. Servs., Inc.,* No. 12–CV–925S, 2012 WL 6690326 at *4 (W.D.N.Y. Dec. 19, 2012)); *Szmurlo v. TK Elevator Corp.*, No. 24 C 09900, 2025 WL 1017667 at *2 (N.D. Ill. Apr. 4, 2025).

Mr. Masarik argues that the privilege should only apply if there are full adversarial procedures and statements are made under oath, but his position constrains the privilege too far. While those circumstances certainly might also meet the standard for absolute privilege, they do not set a floor for its application. The privilege applies when parties communicate with an administrative body that performs a quasi-judicial function and that requires full, unimpeded disclosure of evidence to carry out its duty. *See Giusto,* 994 F. Supp. at 593; *Milliner v. Enck,* 709 A.2d 417, 421 (Pa. Super. Ct. 1998). Having found that an OSHA investigation falls within this range, I see no reason to limit the application of privilege in this case.

**IV.   CONCLUSION**

Absolute privilege applies to Wind River's statements in proceedings before OSHA. Those statements therefore cannot give rise to a claim of libel. I will dismiss the claims with prejudice because Mr. Masarik could not change this outcome by pleading additional facts. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

June 23, 2025